# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:09-cr-43 |
| | ) | |
| HANEEF JACKSON-BEY, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, Or Correct Sentence By a Person in Federal Custody, filed by Petitioner, Haneef Jackson-Bey, on August 23, 2011 (DE #402); (2) Prisoner Petition to Proceed In Forma Pauperis, filed by Petitioner, Haneef Jackson-Bey, on August 23, 2011 (DE #403); and (3) Verified Motion for Appointment of Counsel, also filed by Petitioner, Haneef Jackson-Bey, on August 23, 2011 (DE #404). For the reasons set forth below, the section 2255 motion (DE #402) is hereby **TAKEN UNDER ADVISEMENT**. The Government is **ORDERED** to file its response to this motion on or before **September 30, 2011,** citing case law where appropriate. Petitioner is **ORDERED** to file a reply, if any, on or before **October 31, 2011.** The Petition to Proceed In Forma Pauperis (DE #403) is **DENIED**. The Request for Appointment of Counsel (DE #404) is also

**DENIED**.

Jackson-Bey has filed both a Petition to Proceed in Forma Pauperis and a Motion for Appointment of Counsel. There is no filing fee for §2255 petitions. Usually, an in forma pauperis petition (IFP) is only filed if a petitioner lacks funds for transcripts, counsel, appeal or other costs connected to his motion. *See* Rule 3, Rules Governing Section 2255 Proceedings, Advisory Committee Notes. Thus, Jackson-Bey's IFP will be construed together with his request for counsel.

From Jackson-Bey's affirmation, and the attached original certificate of prisoner account, it appears that he is indigent. However, as mentioned before, there is no filing fee or service requirement for a § 2255 petition. The decision of whether to appoint counsel rests in the discretion of the district court, unless the denial of counsel would result in fundamental unfairness impinging on the petitioner's due process rights. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). Furthermore, the Seventh Circuit has noted that "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d

1339, 1343 (7th Cir. 1992) (citing *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989)).

Upon review of Jackson-Bey's Section 2255 petition, this Court finds that this is not a situation where failure to appoint counsel would impinge petitioner's due process rights. No argument submitted by Jackson-Bey, on its face, is particularly strong. Jackson-Bey entered a plea agreement in this case, thus, some of his arguments may be waived. Moreover, Jackson-Bey's arguments that his guilty plea was not made voluntarily or with full understanding (ground one), that it was coerced (ground two), that it violates the privilege against self incrimination (ground three), and that the prosecution failed to disclose important evidence (ground four), do not constitute novel legal issues. Finally, although Jackson-Bey lacks legal training, he was able to sufficiently articulate the bases for his claims without an attorney. Therefore, Jackson-Bey's request for appointment of counsel and IFP status are **DENIED**.


**DATED: August 31, 2011**          /s/ RUDY LOZANO, Judge
                                    **United States District Court**