**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:09-cr-43 |
| | ) | 2:11-cv-307 |
| HANEEF JACKSON-BEY, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the: (1) Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, Or Correct Sentence By a Person in Federal Custody, filed by Petitioner, Haneef Jackson-Bey, on August 23, 2011 (DE #402). For the reasons set forth below, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Haneef Jackson-Bey, #206738, Miami Correctional Facility-BH/IN, 3038 West 850 South, Bunker Hill, IN 46914-9810, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On July 2, 2009, a superseding indictment was filed against Defendant, Haneef Jackson-Bey, and four other defendants. (DE

#35.) Count 1 alleged a conspiracy under 18 U.S.C. § 371 to commit violations of 18 U.S.C. Sections 2, 1591(a)(1) and (b)(2), 2421, and 2423(a). Jackson-Bey was also charged in Count 16, with 2 co-defendants, for recruiting, enticing, harboring, transporting, providing and obtaining by any means L.G., an adult, knowing that force, fraud and coercion would be used to cause her to engage in a commercial sex act, in violation of 18 U.S.C. §§ 2, 1591(a)(1) and (b)(1).

The week before the trial setting in this case, Defendant had a change of plea hearing on October 30, 2009. However, during the hearing, Defendant stated he would not honor the agreement to cooperate with the Government (contained in the plea agreement), so the Court denied Defendant's plea. (DE #166, *see* DE #386, pp. 24-26.) The next week, Defendant contracted MRSA, and on November 3, 2009, counsel filed an emergency motion to sever Jackson-Bey from the trial of his co-defendants. (DE #177.) The trial was continued until November 9, 2009, and Jackson-Bey's motion to sever was granted. Co-Defendants, Justin Cephus, Jovon Stewart, and Stanton Cephus, were later convicted by a jury on all counts in the superseding indictment. (DE #203.)

On February 25, 2010, Jackson-Bey signed a new plea agreement with the Government. (DE #273.) In it, Jackson-Bey agreed to plead guilty to Count 16 of the superseding indictment, and the Government agreed to move to dismiss Count 1 at the time of the

sentencing. *Id.*, ¶¶ 7(a) and 7(c)(ii). The Government and Defendant agreed in the plea that a sentence of 15 years incarceration, which represented the mandatory minimum sentence that Defendant could receive for his conviction in Count 16, "is an appropriate sentence based upon my conduct in this case." *Id.*, ¶ 7(c)(iii). Additionally, they agreed that if Defendant continued to accept responsibility for his criminal conduct, he should receive a two point, and if eligible, and additional one point reduction in his Guideline offense level. *Id.*, ¶ 7(c)(I). In exchange for these benefits, the plea agreement contained the following wavier:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, Unites States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, Unites States Code, Section 2255.

*Id.*, ¶ 7(e).

Further, the plea also stated that "[e]ach of the parties

reserve the right to argue if the sentence imposed upon me in this cause shall be served either concurrent or consecutive, to any other state or federal term of incarceration." *Id.*, ¶ 7(c)(v). Finally, Defendant agreed that his attorney had "done all that anyone could do to counsel and assist me," that he was offering his guilty plea "freely and voluntarily and of [his] own accord," that "no promises [had] been made to [him] other than those contained in [the] agreement," and that he had not been "threatened in any way by anyone to cause [him] to plead guilty in accordance with [the] agreement." *Id.*, ¶¶ 9, 10.

Jackson-Bey's final change of plea hearing was held on March 19, 2010. (*See* transcript, DE #384.) When asked whether he was "fully satisfied with the counsel, representation, and advice given to you in this case by . . . your attorney?" Jackson-Bey replied "yes." (DE #384, p. 12.) After Jackson-Bey read through paragraph 7 of his plea agreement, the Court asked him whether he read it previously, understood it, agreed with it, and was asking the Court to approve it. Jackson-Bey answered yes to each of these questions. (*Id.*, pp. 12-13.) Jackson-Bey acknowledged repeatedly that he agreed with the individual and collective terms of the plea agreement, and confirmed that he wanted to plead guilty under the agreement. (*Id.*, pp. 13-47.) The Court informed Jackson-Bey that for Count 16, "the most that you could get would be life imprisonment, a fine of up to $250,000, or a combination of both of

4

those, up to life supervised release, and a $100 special assessment," and Defendant answered that he understood. (*Id.*, p. 17; *see also* p. 28.) Additionally, the Court advised Defendant that "[t]he least you could get would be 15 years in jail, no fine, five years of supervised release, and a special assessment," and Defendant indicated that he understood. (*Id.*, p. 17.)

During the hearing, this Court questioned Jackson-Bey extensively about his voluntary waiver of his right to appeal, including the following excerpts from that colloquy:

> Q: Subparagraph (e) talks about appeals, Mr. Jackson-Bey. Do you understand that in all criminal cases a defendant has a right to appeal any conviction or sentence that he may receive?
>
> A: Yes.
>
> Q: In this case, you have agreed that I have the jurisdiction and authority to sentence you up to the maximum provided for by the statute; do you understand that?
>
> A: Yes.
>
> Q: And do you recall you and I talked about that before? That's when I told you that you are facing up to life imprisonment, a fine of up to $250,000, or a combination of both of those, up to life supervised release, and a $100 special assessment, do you understand?
>
> A: Yes.
>
> Q: What you're basically doing in this paragraph, Mr. Jackson-Bey, is that you're giving up all of your rights to an appeal; do you understand that?
>
> A: Yes.

5

Q: That includes the manner in which you were found guilty or any sentence that you may receive; do you understand that?

A: Yes.

Q: So down the road you won't be able to tell Mr. Bosch that you want to appeal your sentence because you thought it was too high, or you want to appeal some of the rulings that I have made because you don't like them; do you understand that?

A: Yes.

Q: For all intents and purposes, it's all of your rights to an appeal. There's a few that you keep, like jurisdiction, but almost all of the other ones you waive; do you understand that?

A: Yes.

Q: Do you understand that the government is not giving up any of their rights to an appeal?

A: Yes.

Q: Are you sure this is what you want to do?

A: Yes.

Q: Are you doing it knowingly and voluntarily?

A: Yes.

Q: Did anybody force you to do it?

A: No.

Q: Did you consult with your attorney before making this decision?

A: Yes.

Q: Did anybody force you to do it?

A: No.

>     *      *      *      *      *      *
>
> Q: You're good. Okay. Are you sure you want to waive all of your rights to an appeal?
>
> A: Yes.
>
> Q: That includes any appeals under Title 18, United States Code, Section 3742, and Title 28, United States Code, Section 2255; do you understand that?
>
> A: Yes.
>
> Q: Did your attorney go over those statutes?
>
> A: Yes.
>
> Q: Are you asking me to approve this as part of your plea agreement?
>
> A: Yes.
>
>     *      *      *      *      *      *
>
> Q: Okay. Going back to that waiver of appeal, do you understand that that also includes any allegation of ineffective assistance of counsel, unless it relates to this waiver or its negotiation; do you understand that?
>
> A: Yes.
>
> Q: Do you still want to waive your rights to an appeal?
>
> A: Yes.

(*Id.*, pp. 27-32.) The Court also confirmed that Defendant understood that the Court would ultimately decide Defendant's sentence, and that the Guidelines were not binding. (*Id.*, pp. 17-20, 23, 24, 35.)

On September 8, 2010, the Court had Defendant's sentencing

7

hearing.  (*See* transcript, DE #390.)  There were no written objections to the Guideline calculation set forth in the Presentence Report (*see* DE #390, p. 4); however, the parties argued about whether Defendant's sentence on Count 16 should run concurrent or consecutive to the state court sentence he was currently serving.  (*Id.*, pp. 5-29.)  The Court sentenced Jackson-Bey to imprisonment for 180 months (equal to the 15 years that the parties agreed would be a fair sentence in the plea agreement), to be served consecutive to Defendant's state sentences in Lake County.  (*Id.*, pp. 35-36.)  Additionally, the Court granted the Government's motion to dismiss Count 1 of the superseding indictment.  (DE ##325, 326.)  Judgment was entered on September 15, 2010.  Jackson-Bey did not file a direct appeal with the Seventh Circuit.

Jackson-Bey filed the instant petition under section 2255 on August 23, 2011, setting forth four major arguments: (1) Defendant's guilty plea was unlawfully induced and not made voluntarily because he did not understand the consequences of the plea; (2) his plea was wrongfully coerced because his attorney promised Defendant he would not be charged with sex trafficking and he would not have to register as a sex offender; (3) his privilege against self incrimination was violated; and (4) the prosecution wrongfully failed to disclose favorable evidence.  (*See* Section 2255 Mot., DE #402, pp. 5-6.)  In response, the Government contends

8

that most of Jackson-Bey's arguments were waived, and even those that can be liberally construed as ineffective assistance of counsel, fail on the merits. (*See* DE #406, p. 7.) Jackson-Bey filed a reply, and memorandum in support of the reply, on October 31, 2011 (DE ##407, 408.) Therefore, this motion is fully briefed and ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3)

9

> constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Defendant's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail,

> it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Jackson-Bey's claims with these guidelines in mind.

Waiver

The Seventh Circuit has recognized the validity of plea agreement waivers, and will enforce the waiver unless there is a claim that the waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* stated that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are

11

> enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

*Id.* at 1145. In *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

It is undisputed that in his plea agreement, Jackson-Bey waived his right to appeal or contest his conviction and sentence "to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under . . . Title 28, United States Code, Section 2255." (Plea Agreement, DE #273, ¶ 7(e).) Thus, Defendant's claims of a "coerced confess[ion]," violation of the

privilege against self-incrimination, and failure of the prosecution to disclose certain evidence (DE #402, p. 5), are waived.

Ineffective Assistance of Counsel

Defendant's first main argument is as follows:

> Conviction obtained by plea of guilty which was unlawfully induced or made voluntarily or without understanding of the nature of the charge and the consequences of the plea. I was told by my attorney that both my conspiracy count and single count held the same time and in order for me not to be sentenced to a minimum of 30 yrs if found convicted that I should plead to count 16 because as the count is written the alleged victim was not a minor.

(2255 Mot., DE #402, p. 4.) In an attempt to construe Petitioner's section 2255 motion liberally, as this Court must, the Court will interpret Jackson-Bey's claim to be that he did not enter into the plea agreement knowingly or voluntarily because he received ineffective assistance of counsel.

Claims of ineffective assistance of counsel are governed by the 2-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, the Defendant must first show the specific acts or omissions of his attorney "fell below an objective standard of reasonableness" and were "outside the wide range of professionally competent assistance." *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688, 690); *see*

13

*also Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003); *Anderson v. Sternes*, 243 F.3d 1049, 1057 (7th Cir. 2001). The second *Strickland* prong requires the Defendant to show prejudice, which entails showing by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Regarding the deficient-performance prong, great deference is given to counsel's performance and the defendant has a heavy burden to overcome the strong presumption of effective performance. *Strickland*, 466 U.S. at 690; *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003) (citation omitted). Defendant must establish specific acts or admissions to fall below professional norms. *Strickland*, 466 U.S. at 690. If one prong is not satisfied, it is unnecessary to reach the merits of the second prong. *Id.* at 697.

The Seventh Circuit has held that "[o]nly those habeas petitioners who can prove under Strickland that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ." *Canaan v. McBride*, 395 F.3d 376, 385-86 (7th Cir. 2005). Additionally, trial counsel "is entitled to a 'strong presumption' that his performance fell 'within the range of reasonable professional assistance' and will not be judged with the benefit of hindsight.'" *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Strickland*, 466 U.S. at 689).

14

Jackson-Bey contends that it was improper for the plea agreement and Count 16 of the superseding indictment not to mention "a minor or under age of 14 years," and that his trial counsel incorrectly advised him to plead guilty "for a crime that did not exist." (2255 Reply, DE #408, pp. 2-3.) Defendant has confused the elements of the charge in Count 16. Count 16 of the superseding indictment alleged:

> Between on or about October 1, 2007 and on or about May 31, 2008, in the Northern District of Indiana and elsewhere, [Defendant and his co-defendants] did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide and obtain by any means L.G., knowing that force, fraud and coercion would be used to cause L.G. to engage in a commercial sex act.

This is consistent with the statute that requires the Government to prove *either* that the victim was a minor *or* that Defendant knew that force, fraud, or coercion would be used to cause the victim to engage in a commercial sex act:

> Whoever knowingly – (1) in or affecting interstate or foreign commerce, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . . knowing or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, *or* that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished . . . .

18 U.S.C. § 1591(a) (emphasis added).

Thus, the fact that L.G., the victim, was an adult at the time Defendant committed the offense set forth in Count 16 is

15

irrelevant, and it certainly does not render it a "crime that did not exist," as argued by Defendant. (DE #408, p. 3.) Moreover, this Court specifically advised Defendant during his change of plea hearing of the essential elements of the offense:

> [I]n other words, what the government would have to prove at trial beyond a reasonable doubt, are: First, that you knowingly; second, in or affecting interstate commerce; third, recruited enticed, harbored, transported, provided, or obtained by any means the person named in the superseding indictment; fourth, knowing that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act; and, fifth, that the offense was affected by means of force, fraud, or coercion.

(DE #384, p. 38.) Therefore, there was nothing deficient in Mr. Bosch's performance. Jackson-Bey's argument that Mr. Bosch gave ineffective assistance of counsel when he told Defendant he "wouldnt be charged with sex trafficking children" fails. The charge in the superseding indictment, and the one discussed in the plea agreement and at the change of plea hearing, all contained the same accurate information (which mimicked counsel's advice), advising Jackson-Bey that he was pleading guilty to sex trafficking by means of force, fraud, and coercion. Under 18 U.S.C. § 1591(a)(1), the Government did not have to prove that the victim was under 14 years of age, and Defendant was never charged with that offense.

Jackson-Bey argues he has suffered prejudice because state officials and other prisoners have "dub[bed] him as 'sex

16

trafficking of a child'" (DE #408, p. 3), and that he may have to register as a sex offender (DE #402, p. 5). Even assuming, *arguendo*, that these facts alleged by Jackson-Bey are true, they are entirely unrelated to his trial counsel's effective performance in accurately advising Defendant that he was charged in Count 16 of the superseding indictment with sex trafficking by means of force, fraud, and coercion, and pled guilty to that count. Moreover, during his change of plea hearing, this Court asked Defendant "[h]as anyone, including your own lawyer, any lawyer for the government, any government agent, or anyone else made any other or different promise or assurance to you of any kind in an effort to induce or cause you to enter a plea of guilty in this case?" and Defendant answered, "[n]o." (DE #384, p. 33.)

It is unclear from Defendant's section 2255 motion, but he may also be arguing that Mr. Bosch was ineffective because he allowed Defendant to plea to Count 16, instead of reaching a plea agreement on Count 1 (the conspiracy charge under 18 U.S.C. § 371, which carried a statutory maximum sentence of 5 years). However, as the Government points out, a prosecutor has no obligation to offer a defendant any plea agreement, much less an agreement with or without particular terms. *See United States v. Brookshire*, No. 1:07-CR-92-TLS, 2011 WL 2447714, at *5 (N.D. Ind. June 15, 2011) (citing *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) ("the successful negotiation of a plea agreement involves factors

beyond the control of counsel, including . . . the cooperation of the prosecutor who has no obligation to offer such an agreement.")). The Court in *Brookshire* held that "[b]ecause there is no evidence that the prosecutor would have offered a conditional plea, the Defendant cannot show that his counsel was ineffective for failing to secure such a deal. Counsel cannot be faulted for failing to achieve the impossible." *Brookshire*, 2011 WL 244714, at *5. Similarly, there is no evidence in this case that the prosecutor was willing to offer a plea on Count 1. Therefore, Mr. Bosch cannot be deemed ineffective merely because he obtained a plea on Count 16 instead of Count 1. *See, e.g., Tanner v. United States*, Nos. 2:09-CV085, 2:04-CR-80, 2010 WL 148312, at *4 (N.D. Ind. Jan. 12, 2010) ("The mere allegation that counsel failed to secure a better plea agreement does not, without more, indicate deficient counsel."). As such, Defendant has failed to show that his trial counsel's actions were objectively unreasonable under *Strickland*, or that Defendant suffered any prejudice due to his counsel's performance.

Additionally, although Defendant does not argue that his counsel performed ineffectively at sentencing when the Court decided that Defendant's sentence would be served consecutive to the state sentence, the Court notes that this type of argument would also be waived. *See, e.g., Bridgeman v. United States*, 229 F.3d 589, 593 (7th Cir. 2000) (stating ineffective assistance of

counsel claims that relate to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver).

Finally, this Court is satisfied that Defendant knowingly and intelligently waived his right to seek post-conviction relief. *See, e.g., United States v. Davis*, 348 F. Supp. 2d 964, 966 (N.D. Ind. 2004) (finding a similar section 2255 waiver sufficient, ruling defendant knowingly and intelligently waived his right to file a section 2255 motion.) To the extent that Defendant now argues that his "attorney [] talk[ed] [him] into signing the plea agreement," (DE #402, p. 5), "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing - the latter are presumed to be true." *United States v. Mosley*, 35 F.3d 569, 1994 WL 503016, at *3 (7th Cir. Sept. 14, 1994) (citing, *inter alia, United States v. Scott*, 929 F.2d 313, 315 (7th Cir. 1991) ("To allow [defendant] to withdraw his plea because of secret expectations that he harbored in the face of his directly contradictory sworn testimony would undermine the strong societal interest in the finality of guilty pleas.")). As set forth by this Court earlier in this opinion, Defendant repeatedly testified during his hearing that he was satisfied with his counsel's performance, that he was knowingly and voluntarily pleading guilty, and that he understood the charges against him and the possible

19

sentence he was facing. As such, the Court is satisfied that he knowingly and intelligently entered into the plea agreement.

CONCLUSION

For the aforementioned reasons, Defendant's section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Haneef Jackson-Bey, #206738, Miami Correctional Facility-BH/IN, 3038 West 850 South, Bunker Hill, IN 46914-9810, or to such other more current address that may be on file for the Petitioner.

DATED: January 23, 2012          /s/ RUDY LOZANO, Judge
                                             **United States District Court**