IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
UNITED STATES OF AMERICA,      )
                               )
Plaintiff/Respondent,          )
                               )
vs.                            )   NO. 2:09-cr-43
                               )
HANEEF JACKSON-BEY,            )
                               )
Defendant/Petitioner.          )
```

## OPINION AND ORDER

This matter is before the Court on the "Motion for Reconsideration," filed by Petitioner, Haneef Jackson-Bey, on July 17, 2012 (DE #421). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On August 23, 2011, Jackson-Bey, pro se, filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. This Court entered an order on January 23, 2012, denying the section 2255 petition (DE #409). Jackson-Bey then filed the instant motion to reconsider, requesting relief from that judgment, and asking to file a supplemental reply to the Government's response in opposition to his Section 2255 petition.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982). A motion for reconsideration performs a valuable function where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

However, motions to reconsider "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the [motion]." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). In other words, the parties cannot introduce evidence previously available, but not used in the prior proceeding. *See Roche Diagnostics Corp. v. Bayer Corp.*, 247 F. Supp. 2d 1065, 1068 (S.D. Ind. 2003). Motions for reconsideration are also not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1264 (citations omitted).

In this case, reconsideration is not warranted. Petitioner has not pointed to a significant change in the law since he submitted his section 2255 petition to the Court, or any patent error this Court committed, or any newly discovered evidence. This Court thoroughly addressed all of Jackson-Bey's arguments in its 20-page opinion, and this Court stands by its previous ruling, finding that Jackson-Bey's section 2255 petition fails. Additionally, to the extent Jackson-Bey requests the opportunity to file a supplemental reply, this request is also denied. Jackson-Bey filed a reply in support of his section 2255 on October 31, 2011 (DE #407), which was considered by this Court in reaching the outcome of the motion.

CONCLUSION

For the aforementioned reasons, the Motion for Reconsideration is **DENIED**.

**DATED: July 24, 2012**  /s/ RUDY LOZANO, Judge
**United States District Court**