UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:09-CR-43-4-TLS-PRC |
| HANEEF JACKSON-BEY | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant Haneef Jackson-Bey's Motion for Compassionate Release [ECF No. 777], filed on March 27, 2023. For the reasons explained below, the Defendant's motion is denied.

**BACKGROUND**

On March 10, 2010, the Defendant pleaded guilty to Sex Trafficking by means of Force, Fraud, and Coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1). *See* Plea Agreement, ECF No. 273; Change of Plea Hrg., ECF No. 275. The Government and the Defendant agreed that a sentence of 15 years' incarceration, which represented the mandatory minimum, was appropriate. Plea Agreement ¶ 7(c)(iii). Both parties reserved the right to argue if the sentence should be served either concurrently or consecutively to any other state or federal term of incarceration. *Id.* ¶ 7(c)(v). On September 8, 2010, the Court sentenced the Defendant to a term of imprisonment of 180 months to be served consecutively with his state sentences. *See* Judgment, ECF No. 329.

On March 27, 2023, the Defendant filed the instant Motion for Compassionate Release [ECF No. 777]. Within the motion, the Defendant discusses his upbringing, family, romantic life,

and criminal background. *See* Mot. at 1–6.[1] The Defendant raises many issues with the criminal conviction and sentence. *Id.* at 7–12. The Defendant claims he has been sexually assaulted while in prison. *Id.* at 15–16. He also claims various constitutional violations such as being retaliated against, poor sleeping conditions, secondhand smoke, and being placed into the Special Housing Unit ("SHU"). *Id.* at 14–15. The Defendant claims that he is bleeding from his stomach, needs a colonoscopy, and has received inadequate medical care within the Bureau of Prisons ("BOP"). *Id.* at 13–14; *see also* Decl. at 2, ECF No. 789 (where the Defendant claims that he was rushed to the hospital for stomach pains, discharged without a colonoscopy, and fears that he may have stomach cancer based on his symptoms and family history). The Defendant also requests release so that he can care for his aging mother who is in poor health. Mot. at 13.

On September 18, 2023, the Government filed a Response [ECF No. 793] opposing the Defendant's motion. The Government argues: (1) any claim of error relating to his underlying criminal conviction is not an extraordinary and compelling reason for release; (2) the medical conditions of his mother are not an extraordinary and compelling reason for release; (3) the Defendant's claims of physical and mental health problems are not an extraordinary and compelling reason for release; and (4) any claim of sexual abuse or constitutional violations are not supported by the record. Resp. at 11, 13, 16–20. The Government alternatively argues that the factors set forth in § 3553(a) do not support release. *Id.* at 20–23.

## ANALYSIS

Following the imposition of a sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). The parties do not appear to dispute that the Defendant has exhausted his administrative remedies under 18 U.S.C.

---

[1] Unless otherwise noted, all citations refer to the page number on the CM/ECF header rather than the page number on the document itself.

§ 3582(c)(1)(A). *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (recognizing that "in 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request"). The Court, therefore, proceeds to the merits of the Defendant's motion. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) ("[T]he exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite . . . ." (citing *Gunn*, 980 F.3d at 1181)).

"A motion for compassionate release involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)); *see also* 18 U.S.C. § 3582(c)(1)(A). It is the Defendant's burden to establish the extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). In assessing the § 3553(a) factors, a court considers:

> the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.

*United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113, at *2 (N.D. Ind. June 17, 2020) (citing 18 U.S.C. § 3553(a)). A court considers the § 3553(a) factors only "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

A.  **Extraordinary and Compelling Reasons**

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement

on § 3582(c)(1)(A). *See* U.S. Sentencing Guidelines Manual § 1B1.13. "The policy statement identifies six circumstances that, individually or in combination, may provide 'extraordinary and compelling reasons' for a reduction in sentence." *United States v. Stanley*, No. 3:21 CR 800, 2023 WL 8281507, at *3 (N.D. Ohio Nov. 30, 2023) (citing U.S.S.G. § 1B1.13(b)(1)–(6)). These six circumstances are:

> certain medical circumstances of the defendant, such as terminal illness or the inability to receive specialized medical care while incarcerated, [U.S.S.G.] § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id.* § 1B1.13(b)(4); the defendant received an "unusually long sentence," *id.* § 1B1.13(b)(6); and "any other circumstances or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

*United States v. Eggleston*, No. 15-0569, 2023 WL 8716876, at *4 (D. Md. Dec. 18, 2023).

1. *Medical Circumstances of the Defendant*

The Court finds that the Defendant's medical circumstances are not an extraordinary and compelling reason for a reduction in sentence. As to the medical circumstances of a defendant, an extraordinary and compelling reason exists when:

> (A)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B)  The defendant is—
>
>   (i)   suffering from a serious physical or medical condition,
>   (ii)  suffering from a serious functional or cognitive impairment, or
>   (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

    (D)    The defendant presents the following circumstances—

        (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

        (ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

        (iii)    such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(A)–(D).

In this case, the Defendant claims that he has a family history of stomach cancer. Mot. at 13. He also claims that he has been denied requests for colonoscopies and related care for his stomach issues, which he fears may develop into cancer. *Id.* at 14. That said, records from the BOP indicate that the Defendant refused a scheduled colonoscopy. *See* Ex. 5 at 251–52, ECF No. 794-1.[2] The BOP's records indicate that providers are aware of the Defendant's family history and medical concerns. *Id.* at 252, 294, 311. The Defendant also claims he had "a mental breakdown" over fears his father would die. Mot. at 14. That said, the BOP's records indicate that he has received counseling and mental health services. *See, e.g.*, Ex. 4 at 174–203, ECF No. 794-1. At this time, the Court finds that the Defendant's claims are not supported by the evidence.

---

[2] Exhibits 4 and 5 were filed as a single document. For ease of reference, the Court cites the page number on the CM/ECF header rather than the page number of the individual exhibit.

Put simply, the Defendant has failed to demonstrate that his alleged physical or mental health problems warrant compassionate release. *See United States v. Armstrong*, No. 3:20-CR-447, 2023 WL 3395095, at *1 (W.D.N.C. May 11, 2023) (denying request for compassionate release when inmate failed to substantiate allegations that he had stomach cancer); *United States v. Cancino*, No. 12 CR 521, 2023 WL 2988815, at *3 (N.D. Ill. Apr. 18, 2023) (finding that the defendant's mental health issues did not rise to the level of an extraordinary and compelling reason when his alleged mental health issues were being treated within the department of corrections). At best, the Defendant speculates that he *may* develop stomach cancer. *See United States v. Adams*, No. 7:17-CR-57-D, 2021 WL 1933938, at *3 (E.D.N.C. May 13, 2021) (concluding that inmate with family history of stomach cancer "has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while [he] serves his sentence"). The record shows that the BOP has offered care for his alleged mental and physical issues. The Defendant establishes no medical condition that falls under § 1B1.13(b)(1)(A)–(D). Thus, the Defendant fails to meet his burden that his medical circumstances are an extraordinary and compelling reason for a reduction in sentence.

2. *Age of the Defendant*

The Defendant, who is thirty-five years old, is not eligible for compassionate relief based on his age. *See* U.S.S.G. § 1B1.13(b)(2) (providing that extraordinary and compelling reasons may exist when a defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health, and has served at least ten years or seventy-five percent of his sentence). If anything, the Defendant's young age weighs against his argument that his medical condition warrants release.

6

3. *Family Circumstances of the Defendant*

The Court finds that the Defendant's family circumstances are not an extraordinary and compelling reason. As to the family circumstances of a defendant, an extraordinary and compelling reason exists when:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3).

The Defendant states that his father has passed away in January 2022. *See* Decl. at 2, ECF No. 789. He mentions that his mother, age 71, had a heart attack in 2016. Mot. at 12. The Defendant says that his mother is unvaccinated from COVID-19 and has contracted a respiratory disease. *Id.* at 18. He also mentions in passing that various relatives have cancer. *Id.* at 12. In any event, the Defendant fails to demonstrate that any immediate family member is incapacitated or that he would be the only available caregiver. *See, e.g.*, *United States v. Babbitt*, No. 23-3235, 2024 WL 396602, at *1 (7th Cir. Feb. 2, 2024) (affirming denial of compassionate release because the defendant "does not contend that his mother is incapacitated or that he is the only potential caregiver"); *United States v. Bow*, No. 1:20-CR-97, 2024 WL 247275, at *4 (S.D. Ind.

Jan. 22, 2024) (denying request for compassionate relief because the defendant "has not provided evidence that her mother is incapacitated or that [the defendant] would be the only person available to provide care for her"); *United States v. Lance*, No. 4:17-CR-40107, 2023 WL 7927751, at *3 (C.D. Ill. Nov. 16, 2023) (denying request for compassionate release when the defendant failed to demonstrate that his father was incapacitated and that he would be the only available caregiver). As such, the Defendant's family circumstances are not an extraordinary and compelling reason for compassionate release.

4.   *Victim of Abuse*

The Court finds that the Defendant's allegations of sexual abuse are not an extraordinary and compelling reason for a reduction in sentence. An extraordinary and compelling reason exists when:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A)   sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> (B)   physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> *For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding*, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4) (emphasis added).

The Defendant claims that a Lieutenant sexually molested him during a strip search. Mot. at 15–16. However, the Defendant produces no evidence to support his claim that he was

sexually assaulted. *See United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023) ("The District Court acted within its discretion in holding that a mere allegation of prison rape, without more, is not an extraordinary and compelling reason for early release."). And a medical examination was unable to substantiate his claims. *See* Ex. 5 at 273–74, ECF No. 274. Regardless, the Defendant fails to demonstrate that the alleged sexual assault resulted in a conviction, a finding or admission of liability in a civil case, or a finding in an administrative proceeding. *See Bow*, 2024 WL 247275, at *3 (denying request for compassionate release based on alleged assault when the defendant failed to produce evidence "that misconduct was established in a legal or administrative proceeding of any kind"). Nor does the Defendant claim that such a proceeding was unduly delayed or that he is in imminent danger. Thus, the Defendant fails to demonstrate an extraordinary and compelling reason for release.

5. Other Reasons

The Court finds that no other reason, by itself or in combination, is an extraordinary and compelling reason to warrant a reduction. An extraordinary and compelling reason exists if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(5). "This catch-all provision allows the Court discretion over what may qualify as extraordinary and compelling." *United States v. Beres*, No. CR 18-58, 2023 WL 8809320, at *2 (D. Mont. Dec. 20, 2023).

Most of the Defendant's motion focuses on purported errors in his underlying criminal case. *See* Mot. at 6–12. Even if these arguments had any merit, it would be insufficient to create an extraordinary and compelling reason to warrant early release. *See United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) ("Von Vader contends that his original sentence is legally

defective. We have held, however, that a legal contest to a sentence must be resolved by direct appeal or motion under § 2255, not by seeking compassionate release under § 3582."); *United States v. Staszak*, No. 12-CR-40064, 2023 WL 7003507, at *1 (S.D. Ill. Oct. 24, 2023) (concluding that "claims of 'actual innocence' are not 'extraordinary and compelling'"). Thus, any purported error related to the Defendant's criminal conviction is not properly before the Court on this motion.

      The Defendant makes generalized complaints about the conditions of his confinement. Mot. at 14–15. For example, he claims that he was "forced to sleep on [a] filthy mattress and then on no mattress at all for weeks" and was "subjected to secondhand cigarette inhalation by staff and to endure numerous other abuses by B.O.P. staff." *Id.* at 15. He likewise claims that he has been retaliated against and subjected to various constitutional violations. *Id.* at 14–15. As noted above, he claims that he has been denied necessary medical care. Even so, the Defendant fails to cite to any evidence in support of his claims. Even if his allegations were true, such complaints about the conditions of his confinement are insufficient for compassionate release. *See, e.g.*, *United States v. Moran*, No. 3:14-CR-30, 2023 WL 3033447, at *3 (N.D. Ind. Apr. 21, 2023) (concluding that "conditions of confinement . . . do not present a valid basis for compassionate release"); *United States v. Ward*, No. 20-CR-40101, 2022 WL 16538152, at *3 (S.D. Ill. Oct. 28, 2022) (concluding that allegations of mold, asbestos, and lead paint did not justify compassionate release); *United States v. Perales*, No. 07-CR-30115, 2022 WL 1004583, at *2 (S.D. Ill. Apr. 4, 2022) (concluding that "arguments concerning his deficient medical care are more appropriately raised through a civil litigation action and not in this motion for compassionate release"). Thus, such generalized complaints about his conditions of confinement cannot justify compassionate release.

The Court notes that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). However, the Defendant has received several disciplinary violations for, among other things, interfering with security devices, threatening bodily harm, being in an unauthorized area, indecent exposure, possession of unauthorized items, fighting with another person, refusing work, and phone abuse. *See* Ex. 6, ECF No. 793-4. Based on this, the Court finds that rehabilitation does not favor a reduction in sentence. *See United States v. Horne*, No. 10-CR-954, 2023 WL 8433980, at *2 (S.D.N.Y. Dec. 5, 2023) (concluding that rehabilitation did not favor early release when the defendant had "incurred disciplinary infractions in 2017, 2018, and 2020").

After a careful review of the case, the Court finds that the Defendant has not presented any other reason, by itself or in combination, that is extraordinary and compelling.

6.   *Unusually Long Sentence*

The Court determines that the Defendant is not entitled to relief based on the length of his sentence. The federal sentencing guidelines provide:

> If a defendant received *an unusually long sentence* and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).

In this case, the Defendant faced a sentencing range of fifteen years to life in prison. 18 U.S.C. § 1591(b)(1). Pursuant to a plea agreement, he received the minimum sentence of fifteen

11

years. *See* ECF No. 324. The Defendant has identified no change in the law that would result in a different sentence than the one he received. *See United States v. Nunez*, No. 1:04-CR-161, 2024 WL 51189, at *3 (S.D. Ind. Jan. 3, 2024) (denying request for compassionate relief because the defendant "has not pointed to any specific change in the law that would result in a different sentence than the one he received"). The Court also finds that the Defendant's sentence of fifteen years—which represented the mandatory minimum—was not unusually long. *See United States v. Gonzalez*, No. 3:14CR144, 2024 WL 253664, at *5 (W.D.N.C. Jan. 23, 2024) (rejecting argument that sentence was "unusually long" because the "sentence was determined by the mandatory minimum sentence required for his drug-trafficking offense and that mandatory minimum has not changed").

The Defendant consequently fails to carry his burden of showing extraordinary and compelling reasons to justify his release. *Newton*, 996 F.3d at 488.

## B.     Consideration of the § 3553(a) Factors

Because the Defendant cannot establish the existence of any extraordinary and compelling reasons justifying his release, consideration of the § 3553(a) factors is unnecessary. *See Ugbah*, 4 F.4th at 598 (noting that after finding the defendant presented no extraordinary and compelling reasons for release, "it was unnecessary for the district judge to consider the § 3553(a) factors at all"). Nevertheless, "[o]ne good reason [out of the § 3553(a) factors] . . . is enough" to deny compassionate release. *Kurzynowski*, 17 F.4th at 760 (quoting *Ugbah*, 4 F.4th at 598). Thus, as an alternative basis, the Court addresses the factors set forth in § 3553(a).

"The court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The court must also consider the need for the sentence to: "reflect the seriousness of the offense"; "afford adequate deterrence to criminal conduct"; and "protect the

public from further crimes of the defendant." *Id.* § 3553(a)(2)(A)–(C). "A district court has broad discretion to balance the § 3553(a) factors." *United States v. Gibson*, 996 F.3d 451, 469 (7th Cir. 2021).

The Court notes that the circumstances of the offense were serious: the Defendant was a co-conspirator in a violent human trafficking ring. *See* Change of Plea Tr. at 45–46, ECF No. 384. Thus, a reduction in the Defendant's sentence would not adequately address the seriousness of his offense. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (concluding the trial court did not abuse its broad discretion in finding that the § 3553(a) factors weighed against release when the defendant "committed the serious offense of selling unlawfully obtained firearms with large-capacity magazines knowing that the buyer intended to use them unlawfully"). Further, based on his criminal history, the Court must protect the public from further crimes of the Defendant. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (affirming the trial court's finding that the § 3553(a) factors did not favor release when the defendant had "numerous prior convictions" and a "risk of recidivism"). The Court agrees with the Government that the Defendant's sentence adequately reflects the serious nature of the offense, promotes respect for the law, and provides just punishment for the offense committed. Thus, after considering the facts of the case, the Court finds that the § 3553(a) factors do not favor release.

## CONCLUSION

For these reasons, the Court hereby DENIES Defendant Haneef Jackson-Bey's Motion for Compassionate Release [ECF No. 777]. The Defendant's Motion for Summary Judgment and Rule on Merits of Compassionate Relief Motion [ECF No. 791] and the Defendant's Motion Requesting a Ruling on the Merits for Compassionate Relief [ECF No. 799] are DENIED as

moot. The Government's Motion to Seal [ECF No. 794] is GRANTED. The Court DIRECTS the Clerk of Court to maintain Exhibits 4 and 5 [ECF No. 794-1] under seal.

SO ORDERED on February 7, 2024.

                                            s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT