UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:09-CR-43-4-TLS-PRC |
| HANEEF JACKSON-BEY | |

## OPINION AND ORDER

This matter is before the Court on the Defendant Haneef Jackson-Bey's Motion for Post-Conviction Relief under Federal Rule 60(B) [ECF No. 701], filed on February 18, 2020. For the reasons detailed below, the Defendant's motion is dismissed.

## BACKGROUND

On March 19, 2010, the Defendant pleaded guilty to Sex Trafficking by means of Force, Fraud, and Coercion, in violation of Title 18 United States Code Section 1591(a)(1) and 1591(b)(1). *See* Plea Agreement, ECF No. 273; Change of Plea Hrg., ECF No. 275. On September 8, 2010, the Court sentenced the Defendant to a term of imprisonment of 180 months. *See* Judgment, ECF No. 329.

On August 23, 2011, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C § 2255 [ECF No. 402]. In relevant part, the Defendant argued that: (1) his plea of guilty was unlawfully induced or involuntarily made; (2) his conviction was obtained by use of a coerced confession; (3) his right to self-incrimination was violated; and (4) the prosecution failed to disclose favorable evidence. *Id.* at pp. 4–5. On January 23, 2012, the Honorable Rudy Lozano denied the motion. *See* Order, ECF No. 409.

On September 27, 2013, the Defendant filed a second Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 485]. On October 15, 2013, the Honorable Rudy Lozano dismissed the second motion for lack of jurisdiction. *See* Order, ECF No. 488.

On February 18, 2020, the Defendant filed the instant Motion for Post-Conviction Relief under Federal Rule 60(B). In this motion, the Defendant argues: (1) a purported change in case law allows him to challenge his plea agreement; and (2) he did not knowingly, intelligently, or voluntarily enter into the plea agreement. *See* Mot. at 2–6, ECF No. 701.

## ANALYSIS

"Rule 60(b) provides relief only in the most 'extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely erroneous application of law.'" *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) (quoting *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018)). "A change in law alone will not suffice for this purpose." *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015). "And a party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal." *Adams*, 911 F.3d at 403.

By contrast, a postconviction petition under 28 U.S.C. § 2255 "is meant to challenge a sentence 'upon the ground that the sentence was imposed in violation of the Constitution, or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence . . . is otherwise subject to collateral attack." *Id.* (quoting 28 U.S.C § 2255). "Therefore, if a Rule 60(b) motion is, in its essence, merely asking for relief that one would ask for in a motion under § 2255, such a motion would be subject to the same restrictions or requirements for successive habeas petitions." *Adams*, 911 F.3d at 403.

"If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained [the Seventh Circuit's] permission to file it." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). "A Rule 60(b) motion should be treated as a successive habeas

2

petition if it 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Blitch v. United States*, 39 F.4th 827, 831–32 (7th Cir. 2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532(2005)).

In this case, the Defendant requests relief under Rule 60(b) because: (1) a purported change in case law allows him to challenge his plea agreement; and (2) he did not knowingly, intelligently, or voluntarily enter into the plea agreement. Thus, the Defendant's Rule 60(b) Motion is *really* a successive postconviction petition because he seeks to add new grounds for relief. *See, e.g.*, *Sweeney v. United States*, 754 F. App'x 440, 441–42 (7th Cir. 2018) ("Because Sweeney attacks the validity of his conviction, what he calls a Rule 60(b) motion is substantively a successive collateral attack under § 2255."); *United States v. Iroegbulem*, No. 18 C 8422, 2022 WL 1450370, at *3 (N.D. Ill. May 9, 2022) ("Because Iroegbulem attacks the validity of his conviction, what he calls a Rule 60(b) motion is substantively a successive collateral attack under § 2255."); *United States v. Reyes*, No. 2:10-CR-109-10, 2021 WL 76761, at *2 (N.D. Ind. Jan. 8, 2021) (concluding that "[w]here a defendant raises new claims about an underlying sentence or conviction, a motion presented under Rule 60(b) is properly construed as a successive motion under § 2255").

Thus, this Court lacks jurisdiction to assess the Defendant's arguments because the Defendant has not received certification from the Seventh Circuit Court of Appeals to file a successive § 2255 motion. *See Curry*, 507 F.3d at 604. As the Defendant's Motion is improper under both Rule 60(b) and § 2255, it must be dismissed.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, Defendant Haneef Jackson-Bey's Motion for Post-Conviction Relief under Federal Rule 60(B) [ECF No. 701] is DISMISSED. The Court also DECLINES to issue a Certificate of Appealability.

SO ORDERED on February 7, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT