# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NOS.: 2:09-CR-43-4-TLS-PRC |
| HANEEF JACKSON-BEY | 2:11-CV-307-TLS |

## OPINION AND ORDER

This matter is before the Court on the Defendant Haneef Jackson-Bey's Motion for Reconsideration in Final Judgment entered in 2:11-CV-307 § 2255 [ECF No. 785], filed on June 5, 2023. For the reasons detailed below, the Defendant's motion is dismissed.

## BACKGROUND

On March 19, 2010, the Defendant pleaded guilty to Sex Trafficking by means of Force, Fraud, and Coercion, in violation of Title 18 United States Code Section 1591(a)(1) and 1591(b)(1). *See* Plea Agreement, ECF No. 273; Change of Plea Hrg., ECF No. 275.[1] On September 8, 2010, the Court sentenced the Defendant to a term of imprisonment of 180 months. *See* Judgment, ECF No. 329.

On August 23, 2011, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C § 2255 [ECF No. 402]. In relevant part, the Defendant argued that: (1) his plea of guilty was unlawfully induced or made involuntarily; (2) his conviction was obtained by use of a coerced confession; (3) his right to self-incrimination was violated; and (4) the prosecution failed to disclose favorable evidence. *Id.* at pp. 4–5. On January 23, 2012, the Honorable Rudy Lozano denied the Motion. *See* Order, ECF No. 409.

---

[1] All citations to refer to cause number 2:09-CR-43-4-TLS-PRC.

On September 27, 2013, the Defendant filed a second Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 485]. On October 15, 2013, the Honorable Rudy Lozano dismissed the second motion for lack of jurisdiction. *See* Order, ECF No. 488. On February 18, 2020, the Defendant filed a Motion for Post-Conviction Relief under Federal Rule 60(B) [ECF No. 701]. In an Order entered the same date as the instant Order, the Court found that the Defendant's Rule 60(b) motion was an impermissible successive motion under § 2255.

On June 5, 2023, the Defendant filed the instant Motion for Reconsideration, asking the Court to reconsider the ruling on the Defendant's original § 2255 motion. In this motion, the Defendant argues: (1) Judge Lozano made a "manifest error" in interpreting 18 U.S.C § 1591; (2) the indictment violated the Federal Rules of Criminal Procedure by containing surplusage; (3) the Court allowed a constructive amendment of the indictment; and (4) defense counsel was ineffective for failing to request a competency hearing and failing to object to the purported errors in the indictment. *See* Mot., ECF No. 785.

## ANALYSIS

The Court dismisses the Motion for Reconsideration. "Supreme Court caselaw indicates that a petitioner's motion to reconsider the denial of his or her first federal habeas petition 'on the basis of the merits of the underlying decision can be regarded as a second or successive application.'" *Blitch v. United States*, 39 F.4th 827, 832 (7th Cir. 2022) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Courts "look at the substance of a motion rather than its title to determine whether it is a successive collateral attack." *Hare v. United States*, 688 F.3d 878, 880 n.3 (7th Cir. 2012).

A motion "should be treated as a successive habeas petition if it 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Blitch*, 39 F.4th at 831–32 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). "A district

2

court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").

In this case, the Defendant's motion to reconsider is a successive collateral attack because he seeks new grounds for relief and attacks the Court's previous resolution of a claim on the merits. *See United States v. Knox*, No. 22-1625, 2022 WL 17883602, at *2 (7th Cir. Dec. 23, 2022) (concluding that motion to reconsider "was an unauthorized successive collateral attack" because the defendant's arguments "include another challenge to his criminal history score . . . and, in light of the clear pattern of Knox's filings, they are best understood as another attempt at a successive post-conviction challenge"); *Onamuti v. United States*, No. 1:21-CV-01627, 2023 WL 5672272, at *2 (S.D. Ind. Sept. 1, 2023) (concluding that a motion to reconsider "should be treated as a successive habeas petition" because it "challenge[d] the Court's choice of remedy in this 28 U.S.C. § 2255 proceeding"); *Thomas v. United States*, No. 00-CV-4304, 2002 WL 34584520, at *1 (S.D. Ind. Sept. 24, 2002) ("Generally, a motion to reconsider that advances a new theory of relief after a § 2255 petition has been resolved constitutes a successive petition subject to the certification requirement of § 2255.").

Thus, this Court lacks jurisdiction to assess the Defendant's arguments because the Defendant has not received certification from the Seventh Circuit Court of Appeals to file a successive § 2255 motion. *See Curry*, 507 F.3d at 604. As the Defendant's Motion is improper under § 2255, it must be dismissed.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A

certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, Defendant Haneef Jackson-Bey's Motion for Reconsideration in Final Judgment entered in 2:11-CV-307 § 2255 [ECF No. 785] is DISMISSED. The Court also DECLINES to issue a Certificate of Appealability.

SO ORDERED on February 7, 2024.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT