UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CAUSE NO.: 2:09-CR-43-4-JTM-JPK |
| HANEEF JACKSON-BEY, | |

**OPINION AND ORDER**

The matter is before the Court on Defendant Haneef Jackson-Bey's Declaration [ECF No. 807], filed on March 8, 2024. Within this document, the Defendant included a "Notice of Appeal" where he states his desire to appeal the Court's denial of his request for compassionate release. *See* Decl. ¶ 20. For the reasons stated below, the Court construes this filing as a notice of appeal as to the denial of his request for compassionate release.

The Defendant is serving a fifteen-year sentence for Sex Trafficking by means of Force, Fraud, and Coercion and Aiding and Abetting in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1) and 18 U.S.C. § 2. *See* Judgment, ECF No. 329. On March 27, 2023, the Defendant filed a Motion for Compassionate Relief [ECF No. 777]. On February 7, 2024, the Court denied the motion. *See* Op. & Order, ECF No. 802.

On March 1, 2024, the Defendant mailed his "Declaration" to the Clerk of Court. *See* ECF No. 807-1.[1] Within the Declaration, the Defendant notifies the Court that he "wishes to enter an appeal" as to the Court's denial of his request for compassionate release. *See* Decl. ¶ 20.

---

[1] The Court finds that the notice of appeal is timely. *See Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) ("The prison mailbox rule provides that a prisoner's notice of appeal is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk.") (cleaned up); Fed. R. App. P. 4(a)(1)(B) (allowing for sixty days to file a notice of appeal if one of the parties is the United States).

A notice of appeal must: (1) identify the party taking the appeal; (2) designate the judgment or order being appealed; and (3) identify the court to which the appeal is taken. *Smith v. Grams*, 565 F.3d 1037, 1041 (7th Cir. 2009) (citing Fed. R. App. P. 3(c)(1)). The Court construes the Defendant's pro se filing liberally. *See id*. at 1041–42 ("When a party proceeds *pro se*, however, we will, if possible, liberally construe his actions to find Rule 3's requirements satisfied." (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992))).

Construing the Defendant's filing liberally, the Court finds that it satisfies the requirements for a notice of appeal of this Court's Opinion and Order [ECF No. 802] denying his Motion for Compassionate Relief [ECF No. 777].

## CONCLUSION

Accordingly, the Court finds that the filing is the functional equivalent of a Notice of Appeal. The Court DIRECTS the Clerk of Court to construe the Defendant's Declaration [ECF No. 807] as a Notice of Appeal and to forward the Defendant's Declaration [ECF No. 807] to the United States Court of Appeals for the Seventh Circuit.

SO ORDERED on March 12, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
