# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:09-CR-43-4-TLS |
| HANEEF JACKSON-BEY | |

## OPINION AND ORDER

This matter is before the Court on the Defendant Haneef Jackson-Bey's Motion for Relief from Judgment and Order [ECF No. 815], filed on August 19, 2024. For the reasons detailed below, the Defendant's motion is dismissed for lack of jurisdiction.

## BACKGROUND

On March 19, 2010, the Defendant pleaded guilty, ECF No. 275, and on September 8, 2010, the Court sentenced the Defendant to a term of imprisonment of 180 months, ECF No. 324. Judgment was entered on September 15, 2010. ECF No. 329.

On August 23, 2011, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C § 2255. ECF No. 402. In relevant part, the Defendant argued that: (1) his plea of guilty was unlawfully induced or involuntarily made, (2) his conviction was obtained by use of a coerced confession, (3) his right to self-incrimination was violated, and (4) the prosecution failed to disclose favorable evidence. *Id.* at 4–5. On January 23, 2012, the Court denied the motion on the merits. ECF No. 409. On July 17, 2012, the Defendant filed a Motion for Reconsideration, ECF No. 421, which the Court denied on July 24, 2012, ECF No. 422.

On September 27, 2013, the Defendant filed a second Motion to Vacate under 28 U.S.C. § 2255. ECF No. 485. On October 15, 2013, the Court dismissed the second motion for lack of jurisdiction because he had not obtained approval from the Seventh Circuit Court of Appeals for the successive § 2255 motion. ECF No. 488.

On February 18, 2020, the Defendant filed a Motion for Post-Conviction Relief under Federal Rule 60(B). ECF No. 701. He argued that (1) a purported change in case law allows him to challenge his plea agreement and (2) he did not knowingly, intelligently, or voluntarily enter into the plea agreement. *Id.* On February 7, 2024, the Court dismissed the motion for lack of jurisdiction and declined to issue a certificate of appealability. ECF No. 803. The Court found that the Defendant's motion was a successive § 2255 motion because he sought to add new grounds for relief and that the Defendant had failed to obtain certification from the Court of Appeals to bring the successive motion, depriving the Court of jurisdiction.

On June 5, 2023, the Defendant filed a Motion for Reconsideration in Final Judgment Entered in 2:11-CV-307 § 2255, arguing that (1) the Court made a "manifest error" in interpreting 18 U.S.C § 1591 in its ruling on his original § 2255, (2) the indictment violated the Federal Rules of Criminal Procedure by containing surplusage, (3) the Court allowed a constructive amendment of the indictment, and (4) defense counsel was ineffective for failing to request a competency hearing and failing to object to the purported errors in the indictment. ECF No. 785. On February 7, 2024, the Court dismissed the motion for lack of jurisdiction and declined to issue a certificate of appealability. ECF No. 804. The Court found that the motion was a successive collateral attack because it sought new grounds for relief and challenged the Court's previous resolution of his § 2255 motion on the merits. Because the Defendant had not obtained a certification from the Court of Appeals to bring a successive § 2255, the Court lacked jurisdiction over the motion.

On January 8, 2024, the Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. ECF No. 800. The Defendant argued that (1) he was prejudiced by a "constructive amendment" of the indictment, (2) "government

2

deception" caused him to accept the plea deal, (3) he was entitled to a competency hearing prior to accepting the plea deal, and (4) his attorney had a conflict of interest because he was allegedly representing a key material witness. On February 7, 2024, the Court dismissed the motion for lack of jurisdiction because the Defendant had not obtained approval from the Seventh Circuit to file a successive § 2255 motion; the Court declined to issue a certificate of appealability. ECF No. 805. Judgment was entered the same day. ECF No. 806.

On August 19, 2024, the Defendant filed the instant Motion for Relief from Judgment and Order. ECF No. 815.

**ANALYSIS**

In his motion, the Defendant asks the Court to reconsider its February 7, 2024 opinion dismissing his § 2255 motion filed on January 8, 2024, citing Federal Rules of Civil Procedure 60(b)(1) and (6). As explained in the Court's previous orders on the Defendant's prior motions for reconsideration, "Rule 60(b) provides relief only in the most extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely erroneous application of law." *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) (cleaned up). Moreover, "a party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal." *Id*.

In contrast to relief sought under Rule 60(b), a postconviction petition under 28 U.S.C. § 2255 "is meant to challenge a sentence 'upon the ground that the sentence was imposed in violation of the Constitution, or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence . . . is otherwise subject to collateral attack." *Id.* (quoting 28 U.S.C. § 2255). "Therefore, if a Rule 60(b) motion is, in its essence, merely asking for relief that one would ask for in a motion under § 2255, such a motion would be

3

subject to the same restrictions or requirements for successive habeas petitions." *Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005)).

"If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained [the Seventh Circuit's] permission to file it." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532–34); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). "A Rule 60(b) motion should be treated as a successive habeas petition if it 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Blitch v. United States*, 39 F.4th 827, 831–32 (7th Cir. 2022) (quoting *Gonzalez*, 545 U.S. at 532). However, "a Rule 60(b) motion that attacks 'some defect in the integrity of the federal habeas proceedings'" should not be treated as a successive habeas petition. *Id.* at 832–33 (quoting *Gonzalez*, 545 U.S. at 532).

Here, the Defendant argues that the Court erred in dismissing his § 2255 motion filed on January 8, 2024, for lack of jurisdiction as a successive § 2255 motion. He contends that the dismissal was unjust because he "raised newly discovered evidence." Thus, it appears that the Defendant is challenging "some defect in the integrity of the federal habeas proceedings," which is properly brought under Rule 60(b). Nevertheless, the law is clear that this Court has no authority to consider a successive § 2255 motion unless the motion is certified by the Seventh Circuit. As the Defendant's January 8, 2024 motion was not certified by the Seventh Circuit, the Court was obligated to dismiss the motion for lack of jurisdiction. Because the Plaintiff has not offered a basis for reconsideration under Rule 60(b), the Court denies the motion.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Haneef Jackson-Bey's Motion for Relief from Judgment and Order [ECF No. 815]. The Court DECLINES to issue a Certificate of Appealability.

SO ORDERED on October 24, 2024.

          s/ Theresa L. Springmann
          JUDGE THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT