UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:09-CR-43-4-TLS |
| HANEEF JACKSON-BEY | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Haneef Jackson-Bey's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [ECF No. 813], filed without counsel on July 23, 2024. For the reasons explained below, the Defendant's motion is denied.

**BACKGROUND**

On March 10, 2010, the Defendant pleaded guilty to Sex Trafficking by means of Force, Fraud, and Coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1). ECF No. 273; ECF No. 275. The Government and the Defendant agreed that a sentence of 15 years of incarceration, which represented the mandatory minimum, was appropriate. ECF No. 273, ¶ 7(c)(iii). Both parties reserved the right to argue whether the sentence should be served either concurrently or consecutively to any other state or federal term of incarceration. *Id.* ¶ 7(c)(v). On September 8, 2010, the Court sentenced the Defendant to a term of imprisonment of 180 months to be served consecutively to his state sentences. ECF Nos. 324, 329.

On March 27, 2023, the Defendant filed a Motion for Compassionate Release [ECF No. 777], discussing his upbringing, family, romantic life, and criminal background; raising issues with the effectiveness of his counsel and with the criminal conviction and sentence; claiming he had been sexually assaulted while in prison; claiming various constitutional violations such as

being retaliated against, poor sleeping conditions, secondhand smoke, and being placed into the Special Housing Unit ("SHU"); claiming that he was bleeding from his stomach, needed a colonoscopy, and had received inadequate medical care within the Bureau of Prisons ("BOP"); and requesting release so that he can care for his aging mother who is in poor health. On September 18, 2023, the Government filed a Response opposing the motion, addressing each argument, and alternatively arguing that the factors set forth in § 3553(a) do not support release. ECF No. 793.

On February 7, 2024, the Court denied the Motion for Compassionate Release, finding in a detailed analysis that the Defendant had not shown extraordinary and compelling reasons related to his medical circumstances, age, family circumstances, allegations of abuse, prior conviction, conditions of confinement, or sentence length and that the § 3553(a) factors did not favor release. ECF No. 802.

On July 23, 2024, the Defendant filed this second Motion for Compassionate Release. ECF No. 813. The Government filed a response on October 30, 2024, ECF No. 824, and the Defendant filed a Notice on December 2, 2024, ECF No. 829.

**ANALYSIS**

Following the imposition of a sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). As an initial matter, the Government raises the affirmative defense that the Defendant failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) on this second request for compassionate release. *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (recognizing that "in 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request"). "[T]he exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite . . . ." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (citing *Gunn*, 980

F.3d at 1181). The exhaustion requirement "is a mandatory claim-process rule and therefore *must* be enforced when properly invoked." *Id.* For an inmate to properly exhaust his remedies, he "is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

In his motion, the Defendant indicates that he submitted a request for compassionate release to the warden on June 6, 2024, but that he did not receive a response. ECF No. 813 at 3. However, the Defendant did not attach a copy of his request, and thus the Court has no way of verifying what issues may have been raised to the warden. Rather, the Defendant attached only a June 6, 2024 Request for Administrative Remedy seeking an investigation into his reports of physical assault and sexual battery while he was in segregated housing as well as "threatening intimidation, bullying and unprofessional tactics" by staff; he did not request release. ECF No. 813 at 8. The Defendant also attached the warden's June 20, 2024 response to that request. *Id.* at 9. On December 2, 2024, the Defendant filed a Notice with this Court in which he represents that after May 8, 2024, he was removed from the prison's general population, denied access to his legal material, and confined to the segregation unit. ECF No. 829. But there is no indication he could not submit a request for compassionate release to the warden before filing the instant motion. Thus, the Court denies the motion because the Defendant has failed to demonstrate that he exhausted his administrative remedies.

Even if the Defendant had exhausted his administrative remedies, he has not demonstrated any grounds for compassionate release. "A motion for compassionate release involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)); *see also* 18 U.S.C. § 3582(c)(1)(A). It is the Defendant's burden to establish the extraordinary

3

and compelling reasons warranting a sentence reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). A court considers the § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

A. **Extraordinary and Compelling Reasons**

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A) providing six circumstances that may constitute "extraordinary and compelling reasons" warranting a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id*. § 1B1.13(b)(1);
- the defendant's age, *id*. § 1B1.13(b)(2);
- the defendant's family circumstances, *id*. § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id*. § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id*. § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id*. § 1B1.13(b)(6).

As noted above, the Defendant asserted many of these grounds in his original motion for compassionate release, ECF No. 777, and the Court denied the motion on each of these grounds with a detailed analysis, ECF No. 802. The Defendant has not raised any new facts, evidence, or law to change that ruling. *See* ECF No. 813, pp. 5, 17.

First, the Defendant argues in the current motion that his lawyer was incompetent. As held in the prior ruling, this argument was addressed in his original § 2255 petition and rejected by the Court. ECF No. 402, 409. Regardless, "a legal contest to a sentence must be resolved by

direct appeal or motion under § 2255, not by seeking compassionate release under § 3582." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (citing cases).

Second, the Defendant again argues that his physical and mental health supports compassionate release but identifies no new evidence to change the prior ruling. The Defendant claims generally that he has been denied psychological services and a colonoscopy. Again, the medical records previously provided to the Court show that the Defendant suffers from possible carpel tunnel syndrome, GERD, and stomach issues and that his medical issues have been or are being treated properly by the Bureau of Prisons medical staff. *See* Ex. 5, ECF No. 794-1, pp. 11, 360–64. For example, the Defendant was seen on numerous occasions for his stomach and colonoscopy issues, often refused treatment, has received substantial psychological treatment, and was diagnosed in May 2023 as having no pending psychological issues. *See, e.g.*, Ex. 4, ECF No. 794-1, pp. 129–37, 156, 174–203, 244; Ex. 5, ECF No. 794-1, pp. 252, 266, 280–84, 301, 312, 315–18, 319–21, 376, 408, 415, 433, 434. None of his medical problems are so severe or unusual as to rise to the level of an extraordinary and compelling reason justifying compassionate release.

Third, the Defendant again argues that he was subjected to physical and sexual abuse from prison officials with no new information. As explained in the prior ruling, his allegations are not supported by his medical examinations or any medical records incidental to his claims, and he has failed to demonstrate that the alleged sexual assault resulted in a conviction, a finding or admission of liability in a civil case, or a finding in an administrative proceeding. *See* ECF No. 802, pp. 8–9 (citing U.S.S.G. § 1B1.13(b)(4)). The Court denies the motion on this ground.

Accordingly, even if the Defendant had exhausted his administrative remedies, he has not demonstrated extraordinary and compelling reasons to justify compassionate release. The Court denies his motion on this additional ground.

B.  **Consideration of the § 3553(a) Factors**

Because the Defendant cannot establish the existence of any extraordinary and compelling reasons justifying his release, consideration of the § 3553(a) factors is unnecessary. *See Ugbah*, 4 F.4th at 598 (noting that after finding the defendant presented no "extraordinary and compelling reasons for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all"). Nevertheless, "[o]ne good reason [out of the § 3553(a) factors] . . . is enough" to deny compassionate release. *Kurzynowski*, 17 F.4th at 760 (quoting *Ugbah*, 4 F.4th at 598). In assessing the § 3553(a) factors, a court considers:

> the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.

*United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113, at *2 (N.D. Ind. June 17, 2020) (citing 18 U.S.C. § 3553(a)). "A district court has broad discretion to balance the § 3553(a) factors." *United States v. Gibson*, 996 F.3d 451, 469 (7th Cir. 2021) (citation omitted).

Thus, as an alternative basis, the Court addresses the § 3553(a) factors and reiterates the reasoning from its February 7, 2024 opinion denying his first request for compassionate release. *See* ECF No. 802. The circumstances of the offense were serious: the Defendant was a co-conspirator in a violent human trafficking ring. *See* ECF No. 384, pp. 45–46. Thus, a reduction in the Defendant's sentence would not adequately address the seriousness of his offense. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (concluding the trial court did not abuse its broad discretion in finding that the § 3553(a) factors weighed against release when the defendant "committed the serious offense of selling unlawfully obtained firearms with large-capacity magazines knowing that the buyer intended to use them unlawfully"). Further, based on his criminal history, the Court must protect the public from further crimes of the Defendant. *See*

*United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (affirming the trial court's finding that the § 3553(a) factors did not favor release when the defendant had "numerous prior convictions and a risk of recidivism"). The Defendant's sentence adequately reflects the serious nature of the offense, promotes respect for the law, and provides just punishment for the offense committed. Thus, after considering the facts of the case, the Court finds that the § 3553(a) factors do not favor release and denies the motion for this additional reason.

## CONCLUSION

For these reasons, the Court hereby DENIES Defendant Haneef Jackson-Bey's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [ECF No. 813].

So ORDERED on January 28, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT